**MEMO ENDORSED**

LAW OFFICE OF

IZABEL OLSZOWA GARCIA

26 COURT STREET, SUITE 1815
BROOKLYN, NEW YORK 11242
(718) 855-4835   (646) 239-4330
FACSIMILE (718) 624-4748

USDS SDNY
DOCUMENT    April 16, 2008
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

BY HAND
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Pre-motion conference waived and plaintiff to file its motion to amend by April 28, 2008.*

SO ORDERED
[signature]
USDJ
4-17-08

RECEIVED
APR 17 2008
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

Re:   Spivey and Lawrence v. City of New York, et al,
      07 CV 9365 (PKC)

Your Honor:

I represent the plaintiffs, Spivey and Lawrence, in this police misconduct action alleging false arrest, excessive force, illegal strip searches, and fabricated evidence. I write to request a pre-motion conference concerning plaintiffs' proposed motion to amend the complaint, pursuant to Fed. R. Civ. P. 15(a) and 20(a), for the purpose of adding as defendants two officers whose identities were disclosed in defendant's Initial Disclosures and several police officers whose identities the defendant has not yet provided to plaintiffs.

**A.   Plaintiffs' Allegations in this Case**

On October 18, 2006, at approximately 2:00 p.m., in front of 585 East 21st Street, Brooklyn, New York, several police officers seized plaintiffs without cause, publicly strip searched plaintiffs, assaulted and battered plaintiffs. In the course of arresting plaintiff Spivey, police officers punched plaintiff in the face, threw him to the ground, sprayed mace in plaintiff's face and handcuffed plaintiff excessively tight. In the course of arresting plaintiff Lawrence, police officers threw plaintiff to the ground, stomped on plaintiff's body, punched and kicked plaintiff in his back and head. Plaintiffs were treated at Kings County Hospital for injuries sustained during their arrests. During the arrest process, plaintiffs allege that the officers subjected each plaintiff to repeated public strip searches.

**B.     The Proposed Motion**

Under Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." Under Rule 15(a), "'Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment' will serve to prevent an amendment prior to trial." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiffs seek to sue the officers who arrested plaintiffs without cause, illegally strip searched plaintiffs, used excessive force by punching and kicking plaintiffs, throwing plaintiffs to the ground, and handcuffing plaintiffs excessively tight, and fabricated evidence against plaintiffs. *See Martin v. Rodriguez*, 154 F. Supp.2d 306, 314 (D.Conn. 2001) ("a search that is unduly destructive or invasive in nature may violate an individual's Fourth Amendment rights"); *Simpson v. Saroff*, 741 F. Supp. 1073, 1078 (S.D.N.Y. 1990) (tight handcuffing can give rise to a cause of action under § 1983); *Esmont v. City of New York*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005) (tight handcuffing can give rise to a cause of action under § 1983).

Plaintiffs also seek to sue those officers who were present for the aforesaid violations of plaintiffs' civil rights, but who failed to intervene to protect plaintiffs. *See Provost v. City of Newburgh*, 262 F.3d 146, 168 (2d Cir. 2001) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.") (citation and internal quotation marks omitted); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (same).

Plaintiffs sought defendant's consent to amend the complaint and join additional parties until May 16, 2008; however, defendant would not agree to plaintiffs' proposed Stipulation and Order. A motion to amend and join additional parties was not made within thirty (30) days of the Court's Scheduling Order because defendant did not identify all of the officers involved in the incident within the scheduled time period.

For the aforesaid reasons, the plaintiffs respectfully request the Court's permission to move to file a first amended complaint.

Respectfully submitted,

*Izabel O. Garcia*

Izabel Olszowa Garcia, Esq.

cc:     Via Facsimile
        Michael Gertzer, Esq.
        The City of New York Law Department
        100 Church Street
        New York, NY 10007