**MEMO ENDORSED**

THE CITY OF NEW YORK
MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL K. GERTZER
*Assistant Corporation Counsel*
Tel.: (212) 788-0786
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/08

April 17, 2008

RECEIVED
APR 1 C 2008
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

**BY HAND**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Spivey, et al. v. City of New York, et al., 07 CV 9365 (PKC)

Your Honor:

      I am the Assistant Corporation Counsel assigned to the defense of this matter on behalf of defendant City of New York. I write in response to the plaintiffs' letter of April 16, 2008 in which the plaintiffs requested leave to file a motion to amend the complaint.

      The defendant does not oppose the plaintiffs' application *per se*, but wishes to correct certain misimpressions left by the plaintiffs' letter. First, plaintiffs allege that at least eight officers were involved in the incident. Defendant has so far been able to identify two, including the arresting officer.[1] These officers were revealed to the plaintiffs in the defendants' initial disclosures served on or about March 6, 2008—more than two weeks before the deadline to move to amend. At this point defendants cannot identify other officers, if any, from an incident that occurred two years ago. If we had this information we would turn it over to plaintiffs. If we do uncover this information, we will turn it over to the plaintiffs. Discovery will not expire for over two months, and the defendant has not missed any deadline. It should be noted that the plaintiffs did not even serve discovery demands on the defendant until April 1, 2008, i.e., *after* the deadline to move to amend the complaint set forth in the Scheduling Order.[2] For the plaintiffs to state that the reason for the delay is because the *defendant* hasn't identified all of the officers alleged to have taken part in the incident is simply a gross distortion of the facts and ignores the plaintiffs' own failure to prosecute this action.

      Second, the reason that the defendant did not consent to the plaintiffs' request for an enlargement is that the defendant cannot consent to an amendment of the complaint without reviewing the proposed amended complaint, which the plaintiff refused to provide. If all the plaintiffs want to do is insert the names Officer Briggs and Sgt. Duque into the complaint where they are presently identified as

---

[1] They are PO Michael Briggs and Sgt. Ruben Duque. Officer Briggs was the arresting officer.
[2] Indeed, the plaintiffs should have known the identity of their arresting officer prior to the inception of this action. In fact, the plaintiffs filed a CCRB complaint against the arresting officer prior to the inception of this action.

"John Does," the defendant will have no objection to the proposed amendment. Once the defendant has seen the proposed amended complaint, it can advise this Court whether it has an objection. Defendant believes it is reasonable to at least be able to see what it is consenting to before giving consent.

I hope that the foregoing clarifies some of the issues raised by the plaintiffs' letter.

Respectfully submitted,

Michael K. Gertzer
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Izabel Olszowa Garcia, Esq.
Attorney for Plaintiffs
26 Court Street, Suite 1815
Brooklyn, New York 11242 (by facsimile)

*Plaintiff shall submit the proposed amended pleading to defendant's counsel by April 24, 2008. Defendant shall advise the Court of it has an objection by April 29. SO ORDERED* [signature] 4-18-08

- 2 -