UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RANDY SPIVEY AND ANTHONY LAWRENCE,

                                    Plaintiffs,

                -against-

THE CITY OF NEW YORK, SERGEANT RUBEN
DUQUE, POLICE OFFICER MICHAEL BRIGGS AND
JOHN DOE # 1-6 (representing unidentified police
officer),

                                    Defendants.

**ANSWER OF DEFENDANT
CITY OF NEW YORK TO
FIRST AMENDED
COMPLAINT**

07 Civ 9365 (PKC)(AJP)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------- x

        Defendant the City of New York ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to plaintiff's Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to bring this action as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

9. Admit that Sergeant Ruben Duque and Police Officer Michael Briggs were police officers of the NYPD at the time of the Incident, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiffs were arrested on October 18, 2006, at or about 585 East 21st Street.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Admits that after their arrests, plaintiffs were taken to the 70th precinct, otherwise denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Admits that plaintiffs were transported to Kings County Hospital and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Admits that plaintiff Lawrence was transported to Brooklyn Central Booking on October 19, 2006, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "21" of the Complaint.

22. Admits that plaintiff Lawrence was arraigned in Kings County Criminal Court under docket number 2006KN072779, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "23" of the Complaint, except admits that plaintiff Lawrence took an adjournment in contemplation of dismissal.

24. Admits that plaintiff Spivey was transported to Brooklyn Central Booking on October 19, 2006, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "24" of the Complaint.

25. Admits that plaintiff Spivey was arraigned in Kings County Criminal Court under docket number 2006KN072984, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "26" of the Complaint, except admits that plaintiff Spivey took an adjournment in contemplation of dismissal.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except denies that plaintiff Spivey's alleged injuries were the result of any action by the City.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except denies that plaintiff Lawrence's alleged injuries were the result of any action by the City.

## CLAIM I

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendant repeats and realleges each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

## CLAIM II

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendant repeats and realleges each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

## CLAIM III

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendant repeats and realleges each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

## CLAIM IV

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress for providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiffs' arrests and/or detentions.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

46. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. Plaintiffs have failed to comply with all conditions precedent to suit.

**WHEREFORE,** defendant City requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         June 4, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        *Attorney for Defendant City*
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0786

                        By: _____/s/_____
                              Michael K. Gertzer

TO:   Izabel Olszawa Garcia (by ECF)