UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RANDY SPIVEY and ANTHONY LAWRENCE,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT RUBEN DUQUE, Shield no. 1068, POLCIE OFFICER MICHAEL BRIGGS, Shield no. 1102, POLICE OFFICER MIKE CIVIL, Shield no. 01816, and JOHN DOES 1-5 (representing unidentified police officers, sued individually and in their official capacities),

                      Defendants.
------------------------------------------------------------ X

**ECF CASE**

**SECOND AMENDED COMPLAINT**

07 CIV 9365 (PKC) (AJP)



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs RANDY SPIVEY and ANTHONY LAWRENCE (hereinafter "SPIVEY" and "LAWRENCE") seek relief for the violation of their rights secured by 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York. The claims arise from an October 18, 2006 incident in which members of the New York City Police Department (hereinafter "NYPD"), acting under color of state law, subjected plaintiffs to false arrest, excessive force, assault, battery, an unlawful strip search, fabricated evidence, and negligence. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes, amendments and 28 U.S.C. §§1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because defendant CITY OF NEW YORK (hereinafter "CITY") is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. §1391(b) because the City of New York's deliberate indifference to plaintiffs' rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

5. Notices of plaintiffs' claims against defendant CITY stating the nature of the claim, the time, place and manner in which the claim arose, were duly and timely served upon defendant CITY. More than thirty days have elapsed since the Notice of Claims have been served upon defendant CITY and the said defendant has neglected or refused to make any adjustment or payment thereof.

## PARTIES

6. Plaintiff SPIVEY resides at 8159 102nd Avenue, Queens, New York.

7. Plaintiff LAWRENCE resides at 585 East 21st Street, Brooklyn, New York.

8. Defendant CITY is a municipal corporation organized under the laws of the State of New York, which operates the NYPD and as such is the public employer of the individual defendants herein.

9. Defendants SERGEANT RUBEN DUQUE (hereinafter "DUQUE"), POLCIE OFFICER MICHAEL BRIGGS (hereinafter "BRIGGS"), POLICE OFFICER MIKE CIVIL (hereinafter "CIVIL"), and JOHN DOE 1 through 5 were police officers of the NYPD and at all relevant times hereto, said police officers acted in that capacity as agents, servants, and /or employees of the Defendant CITY. At all relevant times hereto, the JOHN DOE officers acted within the scope of their employment and under color of state and local law.

## STATEMENT OF FACTS

10. On October 18, 2006, at approximately 2:00 p.m., SPIVEY and LAWRENCE were standing in front of 585 East 21st Street engaged in a conversation when several police officers, including defendants DUQUE, BRIGGS, and CIVIL seized plaintiffs without cause.

11. At the aforementioned time and place, the defendants DUQUE, BRIGGS, CIVIL, and other unidentified officers publicly strip searched plaintiffs SPIVEY and LAWRENCE.

12. Defendants DUQUE, BRIGGS, and CIVIL either participated in the public strip searches or observed the public strip searches of SPIVEY and LAWRENCE, but failed to intervene to protect plaintiffs.

13. At the aforesaid time and place, defendant CIVIL and several unidentified officers seized plaintiff LAWRENCE by the shirt, threw plaintiff to the ground, stomped on plaintiff, punched and kicked plaintiff in his back and head, and thereafter threw plaintiff into a police van.

14. While inside the police van, officers continued to punch and knee plaintiff LAWRENCE about his body, thereafter, the officers transported plaintiff to another location in Kings County and subjected plaintiff to a second strip search.

15. Defendants and other unidentified officers punched SPIVEY in the face, threw him to ground, sprayed mace in plaintiff's face, and handcuffed plaintiff excessively tight, causing marks on plaintiff's wrists.

16. Defendants DUQUE, BRIGGS and CIVIL either participated in the aforesaid use of force or observed the use of force take place against SPIVEY and LAWRENCE, but failed to intervene to protect plaintiffs.

17. At no time did plaintiffs SPIVEY or LAWRENCE possess a controlled substance.

18. The officers transported SPIVEY and LAWRENCE to the 70th precinct.

19. At the 70th precinct, an officer again subjected SPIVEY and LAWRENCE to a public strip search.

20. Thereafter, plaintiffs SPIVEY and LAWRENCE were transported to Kings County Hospital and were treated for various injuries sustained during their arrests.

21. On October 19, 2006, at approximately 11:00 a.m., plaintiff LAWRENCE was transported to Brooklyn Central Booking and upon admission was again strip searched in the presence of numerous other arrestees.

22. On October 19, 2006, at approximately 6:00 p.m., LAWRENCE was arraigned on a misdemeanor complaint in the Kings County Criminal Court under docket number 2006KN072779 charging LAWRENCE with possession of marijuana.

23. On October 19, 2006, all charges against LAWRENCE were adjourned in contemplation of dismissal.

24. On October 19, 2006, at 11:00 a.m., plaintiff SPIVEY was transported to Brooklyn Central Booking and upon admission was again strip searched in the presence of numerous other arrestees.

25. On October 20, 2006 at approximately 5:00 p.m., SPIVEY was arraigned on a misdemeanor complaint in Kings County Criminal Court under Docket number 2006KN072984 charging SPIVEY with possession of marihuana.

26. On October 20, 2006, all charges against SPIVEY were adjourned in contemplation of dismissal.

27. As a result of the defendants' actions, plaintiff SPIVEY experienced physical injuries, including, but not limited to, swelling and contusions to his face, and swelling and contusions to his wrists, and burning to his eyes. Plaintiff further experienced emotional injuries, including, but not limited to fear, humiliation, and emotional distress.

28. As a result of defendants' actions, plaintiff LAWRENCE experienced physical injuries, including, but not limited to, contusions and swelling about his body and head. Plaintiff further experienced emotional injuries, including, but not limited to fear, humiliation, and emotional distress.

<u>**CLAIM I**</u>

**FEDERAL CLAIMS AGAINST
DUQUE, BRIGGS AND CIVIL**

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. The conduct of the individual police officers, as described herein, amounted to unlawful searches and seizures, false arrests, illegal strip searches, unlawful and unreasonable uses of force, and fabrication of evidence.

31. The conduct of the individual police officers, as described herein, violated 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## CLAIM II

### FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. Defendant CITY directly caused the constitutional violations suffered by the plaintiffs. The defendants DUQUE, BRIGGS, CIVIL and JOHN DOE 1-5 were employed as police officers by the defendant CITY and acted in their official capacities under the color of policies, statutes, ordinances, rules, regulations and customs of the CITY.

34. Upon information and belief, the CITY knew, or should have known from the notices of claim and the complaints made to the Internal Affairs Bureau and the Civilian Complaint Review Board, that the officers involved in the instant case engaged in a pattern of conduct consisting of abusive acts, intimidation, discrimination, and false arrest, that the officers were unfit to be police officers, and that it was highly likely that the officers would commit the acts alleged in the present case.

35. Nevertheless, the CITY exercised deliberate indifference by failing to take remedial action.

36. The CITY failed to make any effort to halt this course of conduct or to retrain the officers.

37. The CITY failed to take adequate disciplinary action against the officers.

### CLAIM III

### STATE CLAIMS AGAINST
### DUQUE, BRIGGS AND CIVIL

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. The individual defendants' actions, which occurred in the scope of their employment as police officers, renders them liable under New York common law for false arrest, assault, battery, illegal strip searches, and intentional infliction of emotional distress.

### CLAIM IV

### STATE LAW CLAIMS AGAINST
### THE CITY OF NEW YORK

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, assault, battery, and intentional infliction of emotional distress committed by the officers.

42. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees pursuant to 42 U.S.C. §1988;

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
                July 9, 2008

                                      IZABEL OLSZOWA GARCIA
                                      Attorney for Plaintiffs
                                      26 Court Street, Suite 1815
                                      Brooklyn, New York 11242
                                      (718) 855-4835