UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RANDY SPIVEY AND ANTHONY LAWRENCE,

                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT RUBEN DUQUE, Shield No. 1068, POLICE OFFICER MICHAEL BRIGGS, Shield No. 1102, POLICE OFFICER MIKE CIVIL, Shield No. 01816 AND JOHN DOES 1-5 (representing unidentified police officer),

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, RUBEN DUQUE, MICHAEL BRIGGS AND MIKE CIVIL TO SECOND AMENDED COMPLAINT**

07 Civ 9365 (PKC)(AJP)

**JURY TRIAL DEMANDED**

        Defendants the City of New York ("City"), Ruben Duque, Michael Briggs and Mike Civil by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to plaintiffs' Second Amended Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

9. Admit that Sergeant Ruben Duque, Police Officer Mike Civil and Police Officer Michael Briggs were police officers of the NYPD at the time of the Incident, otherwise, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiffs were arrested on October 18, 2006, at or about 585 East 21st Street.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Admit that after their arrests, plaintiffs were taken to the 70th precinct, otherwise deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Admit that plaintiffs were transported to Kings County Hospital and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Admit that plaintiff Lawrence was transported to Brooklyn Central Booking on October 19, 2006, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "21" of the Complaint.

22. Admit that plaintiff Lawrence was arraigned in Kings County Criminal Court under docket number 2006KN072779, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "23" of the Complaint, except admit that plaintiff Lawrence took an adjournment in contemplation of dismissal.

24. Admit that plaintiff Spivey was transported to Brooklyn Central Booking on October 19, 2006, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "24" of the Complaint.

25. Admit that plaintiff Spivey was arraigned in Kings County Criminal Court under docket number 2006KN072984, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "26" of the Complaint, except admit that plaintiff Spivey took an adjournment in contemplation of dismissal.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except deny that plaintiff Spivey's alleged injuries were the result of any action by the City.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except deny that plaintiff Lawrence's alleged injuries were the result of any action by the City.

## CLAIM I

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

## CLAIM II

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

## CLAIM III

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

## CLAIM IV

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendants repeat and reallege each and every of its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

43. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

44. Defendants City, Duque, Civil and Briggs have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have these defendants violated any act of Congress for providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**45.** At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

46.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

47.     There was probable cause for plaintiffs' arrests and/or detentions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

48.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

49.     Plaintiffs have failed to comply with all conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

50.     Defendants Ruben Duque, Mike Civil and Michael Briggs are immune from liability under the doctrine of qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

51.     At all times relevant to the acts alleged in the Complaint, defendants Ruben Duque, Mike Civil and Michael Briggs acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants City, Ruben Duque, Mike Civil and Michael Briggs request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	August 26, 2008

>	MICHAEL A. CARDOZO
>	Corporation Counsel of the
>	  City of New York
>	*Attorney for Defendants City of New York, Ruben Duque, Mike Civil and Michael Briggs*
>	100 Church Street
>	New York, New York 10007
>	(212) 788-0786
>
>	By:	_____/s/_____
>		Michael K. Gertzer

TO:	Izabel Olszawa Garcia (by ECF)